**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LORRAINE T. WARD, an individual;** | ) |
| **ANDREA E. TILLEY, an individual;** | ) |
| **JACKLYN PERRY, an individual;** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.** $\underline{06\text{-}306\text{-}KD\text{-}C}$ |
| | ) |
| | ) |
| **L & A CONTRACTING COMPANY, a** | ) |
| **company;** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

## STATEMENT OF THE PARTIES

1.     Plaintiff, LORRAINE T. WARD, is an individual over the age of nineteen

and a resident citizen of Prichard, Alabama.

2.     Plaintiff, ANDREA E. TILLEY, is an individual over the age of nineteen and

a resident citizen of Whistler, Alabama.

3.     Plaintiff, JACKLYN PERRY, is an individual over the age of nineteen and

a resident citizen of Prichard, Alabama.

4.     Defendant, L & A CONTRACTING COMPANY, (hereinafter "L & A") is a

business entity incorporated in the State of Mississippi.  Defendant, L & A,

maintains its' principal place of business in Hattiesburg, Mississippi.

## JURISDICTION

5.    Jurisdiction is founded under the provisions of 28 U.S.C. §1332(a), et

      seq., which grants this court jurisdiction in civil actions on the basis of

      diversity of citzenship where the matter in controversy, exclusive of

      interests and costs, exceeds seventy-five thousand dollars ($75,000)

## FACTUAL ALLEGATIONS

6.    Plaintiffs re-adopt and re-incorporate Paragraphs 1 through 5 of the

      Complaint as if fully set forth herein.

7.    On or about to-wit, August 3, 2005, the motor vehicle owned and/or

      operated by the Plaintiff, LORRAINE T. WARD, and occupied by the

      Plaintiffs, ANDREA E. TILLEY and JACKLYN PERRY, was traveling in the

      right lane on Interstate 10 West at or near Alabama  181 in Baldwin

      County, Alabama, when a tractor-trailer owned, operated, and/or leased

      by the Defendant, L & A, collided with the Plaintiffs' vehicle, causing

      Plaintiffs' injuries and damages.  Said tractor-trailer proceeded to travel on

      Interstate 10 West leaving the scene of the accident.

## COUNT ONE

## NEGLIGENCE AND/OR WANTONNESS

8.    Plaintiffs re-adopt and re-incorporate Paragraphs 1 through 7 of the

      Complaint as if fully set forth herein.

9.    The Plaintiffs allege that the driver and/or operator of said tractor-trailer

owned, operated and/or leased by the Defendant, L & A, had a duty to operate said motor vehicle in compliance with the laws of the State of Alabama and the Rules of the Road.

10.     Plaintiffs further allege that at all times relevant hereto, the driver and/or operator of said tractor-trailer, was working within the line and scope of his or her employment with the Defendant, L & A.  While acting as agent, servant and/or employee of the Defendant, L & A, the driver and/or operator of said tractor-trailer negligently and/or wantonly caused or allowed said tractor-trailer to collide with the Plaintffs' vehicle causing Plaintiffs' injuries and damages.

11.     Defendant, L & A, is vicariously liable for the conduct of its' agent, servant and/or employees.

12.     As a proximate consequence of the wrongful, negligent and/or wanton conduct of the Defendant, L & A, the Plaintiffs were caused to be injured and damaged as follows:

    (1)     Plaintiffs were caused to suffer severe injuries to their persons which were attended by great physical pain and mental anguish.

    (2)     Plaintiffs were caused to be permanently injured.

    (3)     Plaintiffs were caused and will be caused in the future to incur large doctor, hospital, drug and other medical expenses in and about an effort to heal and cure their said injuries.

    (4)     Plaintiffs were caused to be unable to pursue many of their normal and usual activities.

(5)     Plaintiffs' earning capacities were caused to be greatly and permanently diminished.

(6)     Plaintiffs sustained lost wages in the past and future.

WHEREFORE, Plaintiffs demand judgment against the Defendant, L & A, in such an amount as a jury may assess, including compensatory damages, punitive damages, interest and cost.

### COUNT TWO

### NEGLIGENT/WANTON ENTRUSTMENT

13.     Plaintiffs re-adopt and re-incorporate Paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14.     Plaintiffs allege that at all times relevant hereto, the driver and/or operator of said tractor-trailer was an agent, servant and/or employee of the Defendant, L & A.

15.     Defendant, L & A, negligently and/or wantonly entrusted said tractor-trailer to its' agent, servant and/or employee, who it knew, or should have known, was an incompetent driver.

16.     As a proximate cause of the negligent and/or wanton entrustment by the Defendant, L & A, the Plaintiffs were caused to injured and damaged as follows:

(1)     Plaintiffs were caused to suffer severe injuries to their persons which were attended by great physical pain and mental anguish.

4

(2)   Plaintiffs were caused to be permanently injured.

(3)   Plaintiffs were caused and will be caused in the future to incur large

doctor, hospital, drug and other medical expenses in and about an

effort to heal and cure their said injuries.

(4)   Plaintiffs were caused to be unable to pursue many of their normal

and usual activities.

(5)   Plaintiffs' earning capacities were caused to be greatly and

permanently diminished.

(6)   Plaintiffs sustained lost wages in the past and future.


WHEREFORE, Plaintiffs demand judgment against the Defendant, L & A,

in such an amount as a jury may assess, including compensatory damages,

punitive damages, interest and cost.

## COUNT THREE
## NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION

17.   Plaintiffs re-adopt and re-incorporate Paragraphs 1-16 of the Complaint as

if set forth fully herein.

18.   Plaintiffs allege that at the aforesaid time and place, the driver and/or

operator of said tractor-trailer was an agent, servant and/or employee

of the Defendant, L & A, and engaged in the regular course and scope of

his or her employment for the Defendant, L & A.

19.   Plaintiffs further allege that the Defendant, L & A, was the owner of and

had the right of control over the use of said tractor-trailer by its' agent,

5

servant and/or employee. The Defendant, L & A, as owner, negligently/wantonly entrusted said vehicle to its' agent, servant and/or employee and is therefore liable to the Plaintiffs. Said negligent and/or wanton entrustment was a proximate cause of the Plaintiffs' injuries and damages described herein.

20.   At the aforesaid time and place, and for sometime prior thereto, the Defendant, L & A, was the owner of said tractor-trailer driven and/or operated by its' agent, servant and/or employee and as such, had the authority to supervise, train and hire competent drivers and/or operators of the motor vehicles operated by or on behalf of the Defendant, L & A. Said Defendant, L & A, negligently and/or wantonly failed to hire competent drivers and/or operators and/or train/supervise drivers and/or operators and as a proximate cause of Plaintiffs' injuries as described herein.

WHEREFORE, Plaintiffs demand judgment against the Defendant, L & A, in such an amount as a jury may assess, including compensatory damages, punitive damages, interest and cost.

Elisabeth French
Elisabeth French (ASB-3527-T81E)

C. Carter Clay (ASB-2907-Y85C)

Attorneys for Plaintiffs

6

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, AL 35203
(205) 322-8880
(205) 328-2711 Facsimile
e-mail: phdkh-efiling@pittmanhooks.com

**PLAINTIFFS DEMAND A STRUCK JURY FOR THE TRIAL OF THIS CAUSE**

_Elizabeth French_
OF COUNSEL

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

**L & A CONTRACTING COMPANY**
**C/O THE CORPORATION COMPANY**
**2000 INTERSTATE PARK DRIVE., STE. 204**
**STE. 204**
**MONTGOMERY, ALABAMA 36109**